[608 NYS2d 845]

In the Matter of LEWIS W. TYSON, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 10, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court, dated October 5, 1992, the respondent was immediately suspended from the practice of law based upon his failure to cooperate with the Grievance Committee. By decision and order on motion

dated July 2, 1993, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and to serve a petition within 60 days, the respondent was directed to answer within 10 days, and the matter was referred to J. Mitchell Rosenberg as Special Referee to hear and report.

A notice of petition and petition containing six charges of failing to cooperate with the Grievance Committee and the Queens County Bar Association and one charge of failing to file an affidavit of compliance with the decision and order on motion dated October 5, 1992, suspending him, was served upon the respondent by substituted service, as authorized in the decision and order on motion dated October 5, 1992. The respondent has failed to answer the petition.

The motion to hold the respondent in default and supporting papers were served upon the respondent by certified mail, return receipt requested, and regular first-class mail on October 21, 1993. Additionally, on October 23, 1993, those papers were delivered to the respondent's brother, who agreed to forward the papers to the respondent. The respondent has failed to submit any papers in opposition to the motion.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to hold the respondent in default and impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lewis W. Tyson, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lewis W. Tyson, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the petitioner shall serve a copy of this opinion and order with notice of entry upon the respondent at his last known address, by certified mail, return receipt requested, and by regular first-class mail.